NO. 07-12-00076-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 14, 2012

_____

JAIME FIERRO REYES, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-11B-019; HONORABLE ROLAND D. SAUL, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATE AND REMAND**

On February 6, 2012, appellant Jaime Fierro Reyes filed a notice of appeal from his conviction for possession with intent to deliver a controlled substance and sentence confining him in prison. By written request, the clerk and reporter each sought until April 28, 2012, to file their respective portions of the record on the ground that appellant had not paid or made arrangements to pay for the record. According to the trial court clerk's information form filed in this court, appellant was not declared indigent and is represented by retained counsel on appeal.

By letter, we notified appellant's counsel of appellant's payment obligations and directed counsel to file a writing by a specified date with the clerk of this court indicating acceptable arrangements were made with the clerk and reporter. We directed the clerk and reporter to file a status report if the record was not filed by April 28, 2012. Appellant's counsel made no response to the court's directive. Status reports from the reporter and clerk, filed May 4 and 7 respectively, indicate appellant's counsel has not paid or made arrangements to pay for the record.

Accordingly, we now abate this appeal and remand the cause to the trial court. *See* Tex. R. App. P. 37.3(a)(2). On remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent; (3) if appellant desires to prosecute this appeal and is indigent, whether he is entitled to have the appellate record furnished without charge; (4) whether present counsel for appellant has abandoned the appeal; (5) if appellant desires to prosecute this appeal and is indigent, whether appellant's present counsel should be replaced with appointed counsel; and (6) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, recommendations and orders, and

2

cause them to be included in a supplemental clerk's record; (3) cause any live hearing, if conducted, to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this court. In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, if any, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the clerk of this court not later than June 14, 2012.

Per Curiam

Do not publish.

3